UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert Lee Johnson,           )
                              )
       Plaintiff,             )
                              )
v.                            )    Civil Action No. 14-843
                              )
United States Dep't of Labor, )
                              )
       Defendant.             )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

This action arises out of the same events underlying plaintiff's two dismissed actions. *See Johnson v. Interstate Mgmt. Co., LLC*, No. 13-0763 (UNA) (D.D.C. May 24, 2013), *aff'd*, No. 13-7097 (D.C. Cir. Oct. 11, 2013); *Johnson v. Interstate Mgmt. Co., LLC*, 871 F. Supp. 2d 1, (D.D.C. 2012). The only difference is that plaintiff sues the Department of Labor and the Directorate of Whistleblower Protection Programs instead of his former employer. In all other respects, the complaint is substantially the same as the dismissed complaint.

Plaintiff alleges that he was fired because of his whistleblower activity, which is a violation of 29 U.S.C. § 660(c). *See* Compl. at 4. The Occupational Safety and Health Act of 1970 ("OSHA") "prohibits employers from discharging employees because they file complaints or otherwise exercise rights afforded by the [OSHA], including but not limited to informing the Occupational Safety and Health Administration . . . of unsafe conditions and requesting a federal

1

inspection." *Johnson*, 871 F. Supp. 2d at 4 (quoting *Kennard v. Louis Zimmer Comm'cns, Inc.*, 632 F. Supp. 635, 636 (E.D. Pa. 1986) (citing 29 U.S.C. § 660(c)(1)). An "employee who believes" that a violation has occurred may "file a complaint with the Secretary [of the Department of Labor]," who, in turn, "shall cause such investigation to be made as he deems appropriate." 29 U.S.C. § 660(c)(2). "If upon such investigation, the Secretary determines that the [statute] has been violated, he shall bring an action in any appropriate United States district court against such person." *Id.*

Plaintiff has again attached to the instant complaint the Secretary's decision dated February 4, 2013, finding after investigation that "[t]he preponderance of the evidence failed to support that you were terminated because of your engagement in protected activity." Since, as previously determined, the OSHA does not authorize a private cause of action, *see Johnson*, 871 F. Supp. 2d at 5 (citing cases), this case will be dismissed with prejudice for failure to state a claim.[1] A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: May 8th, 2014

---

[1] To the extent that plaintiff is bringing a separate retaliation claim, *see* Compl. at 3, this Court previously determined that because OSHA's "remedies are exclusive," plaintiff "cannot bring a claim of retaliation for having filed an OSHA complaint." *Johnson v. Interstate Mgmt. Co., LLC*, 871 F. Supp. 2d 1, 5 (D.D.C. 2012) (citing cases).

2